FILED
03/23/2018
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 13, 2018 Session

## JACINTO MACHIC v. CHRISSY M. MACHIC

**Appeal from the Probate and Family Court for Cumberland County**
**No. 2016-PF-5150    Larry Michael Warner, Judge**

---

### No. E2017-01477-COA-R3-CV

---

This appeal arises from a final decree of divorce. Mother appeals, contending the trial court erred in designating Father as the Primary Residential Parent and awarding the majority of parenting time to Father; she also challenges the division of the martial property. Because the trial court made no findings of fact and the statement of the evidence is inadequate, we have determined that we cannot conduct an appropriate appellate review of the issues raised. Accordingly, the judgment of the trial court is vacated and this matter is remanded for the trial court to, *inter alia*, comply with the mandate in Tenn. R. Civ. P. 52.01, which states that "the [trial] court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment."

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate**
**and Family Court Vacated and Remanded**

FRANK G. CLEMENT JR., P.J., M.S. delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., AND THOMAS R. FRIERSON II, J., joined.

Paige Coleman, Knoxville, Tennessee, for the appellant, Chrissy M. Machic.

Kevin R. Bryant, Crossville, Tennessee, for the appellee, Jacinto Machic.

### OPINION

On July 6, 2016, Jacinto Machic ("Father") filed for divorce against Chrissy Machic ("Mother") on the grounds of inappropriate martial conduct. A trial on this matter was held on June 5, 2017. The trial court entered a Final Decree of Divorce and a Permanent Parenting Plan on June 27, 2017.

The Final Decree of Divorce contains no findings of fact or conclusions of law and there is no transcript of the evidence because there was no court reporter present at trial. There is, however, a statement of the evidence which reads as follows:

As there was no court reporter present there is no transcript provided of the testimony. The recollection of Appellee's counsel and Appellee is that the Husband testified regarding the length of time that the parties were married and the birth of the parties' children. There was testimony regarding the Wife's extramarital affair where during those times she had left the children in the care of the Father. The Father also testified that he had been primarily caring for the children. The Husband testified regarding the real property of the parties as well as personalty. There does not appear to be a big discrepancy regarding the parties' testimony of the real and personal property. The Wife's testimony admitted that she differed from the Husband regarding primary care of the children and there was testimony regarding the real and personal property that was similar to the Husband's testimony. The Wife admitted to at least one (1) extramarital affair during the time of the marriage. Counsel made closing arguments and stated the reasons for their respective requests. Following closing arguments, the Court then made its final ruling which was incorporated into the Order which is a part of the appellate record. There was no request made by the Defendant/Appellant for findings of fact and no request for conclusions of law and no request for any clarification made at any time by the Defendant/Appellant.

This appeal followed. Mother contends the trial court erred in designating Father as the Primary Residential Parent and awarding the majority of parenting time to Father. She also challenges the division of the martial assets and an evidentiary ruling related to Father's fitness as a parent.

## ANALYSIS

Tennessee Rule of Civil Procedure 52.01 reads as follows:

Rule 52.01: Findings Required.

In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment. The findings of a master, to the extent that the court adopts them, shall be considered as the findings of the court. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. Findings of fact and conclusions of law are unnecessary on decisions of motions under

- 2 -

Rule 12 or 56 or any other motion except as provided in Rules 41.02 and 65.04(6).

This case was tried without a jury, and in cases where the action is "tried upon the facts without a jury," Tenn. R. Civ. P. 52.01 provides that the trial court "**shall** find the facts specially <u>and</u> **shall** state separately its conclusions of law and direct the entry of the appropriate judgment." (emphasis added).

The underlying rationale for the Rule 52.01 mandate is that it facilitates appellate review by "affording a reviewing court a clear understanding of the basis of a trial court's decision," and enhances the authority of the trial court's decision in the absence of findings of fact and conclusions of law; without which "this court is left to wonder on what basis the court reached its ultimate decision." *In re Estate of Oakley*, No. M2014-00341-COA-R3-CV, 2015 WL 572747, at *10 (Tenn. Ct. App. Feb. 10, 2015) (citing *Lovlace v. Copley*, 418 S.W.3d 1, 35 (Tenn. 2013)). Further, compliance with the mandate of Rule 52.01 affords the reviewing court a clear understanding of the basis of the trial court's reasoning. *Gooding v. Gooding*, 477 S.W.3d 774, 782 (Tenn. Ct. App. 2015); *In re Zaylen R.*, No. M2003-00367-COA-R3-JV, 2005 WL 2384703, at *2 (Tenn. Ct. App. Sept. 27, 2005).

> Requiring trial courts to make findings of fact and conclusions of law is generally viewed by courts as serving three purposes. First, findings and conclusions facilitate appellate review by affording a reviewing court a clear understanding of the basis of a trial court's decision. Second, findings and conclusions also serve "to make definite precisely what is being decided by the case in order to apply the doctrines of estoppel and res judicata in future cases and promote confidence in the trial judge's decision-making." A third function served by the requirement is "to evoke care on the part of the trial judge in ascertaining and applying the facts." Indeed, by clearly expressing the reasons for its decision, the trial court may well decrease the likelihood of an appeal.

*Lovlace v. Copley*, 418 S.W.3d 1, 34-35 (Tenn. 2013) (internal citations and footnotes omitted).

In general, when a trial court fails to explain the factual basis for its decisions pursuant to Rule 52.01, the appropriate remedy is to "vacate the trial court's judgment and remand the cause to the trial court for written findings of fact and conclusions of law." *Manning v. Manning*, 474 S.W.3d 252, 260 (Tenn. Ct. App. 2015) (quoting *Lake v. Haynes,* No. W2010–00294–COA–R3–CV, 2011 WL 2361563, at *1 (Tenn. Ct. App. June 9, 2011)). However, when faced with a trial court's failure to make specific findings, this court has previously held that the appellate courts may "soldier on" when the case involves only a clear legal issue, or when the court's decision is "readily

ascertainable." *Simpson v. Fowler*, No. W2011-02112-COA-R3-CV, 2012 WL 3675321, at *4 (Tenn. Ct. App. Aug. 28, 2012) (internal citations omitted). This is not a case in which we may "soldier on" because the statement of the evidence is inadequate. Therefore, we must vacate the judgment and remand this case so that the trial judge may make the required findings of fact and conclusions of law and direct the entry of the appropriate judgment.

## IN CONCLUSION

The judgment of the trial court is vacated, and this matter is remanded for further proceedings consistent with this opinion. Costs of appeal are assessed against the parties equally.

_____
FRANK G. CLEMENT JR., P.J., M.S.